UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___01/24/2022___
```

Full Circle United, LLC,

                                    Plaintiff,

              -against-

Bay Tek Entertainment, Inc.,

                                    Defendant.

1:21-mc-00866 (JGK) (SDA)

<u>OPINION AND ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

This is a miscellaneous action initiated by Defendant Bay Tek Entertainment, Inc. ("Bay Tek") to compel Howard Pavony to comply with a subpoena served upon him. (Pl.'s Mot. to Compel, 12/29/21, ECF No. 6.) For the reasons set forth below, the Court *sua sponte* transfers the pending motion to Judge Cogan in the United States District Court for the Eastern District of New York, in the action *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, No. 20-CV-03395 (BMC) (the "EDNY Action"), pursuant to Fed. R. Civ. P. 45(f).[1]

<u>BACKGROUND</u>

The subpoena that is the subject of the instant motion was issued by Bay Tek in connection with the EDNY Action. In that action, presiding Judge Cogan appointed the Honorable Shirley Werner Kornreich as special master to supervise discovery proceedings. (*See* Def.'s 1/21/22 Ltr., Ex. 1, ECF No. 14-1.) By Order dated January 12, 2022, this Court requested

---

[1] Transfer of a motion to compel compliance with a subpoena pursuant to Fed. R. Civ. P. 45(f) is a non-dispositive matter and, as such, the Court has authority to decide whether to transfer the motion to the Eastern District of New York. *See Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, No. 16-MC-00022 (FPG) (HBS), 2016 WL 4267567, at *4 (W.D.N.Y. Aug. 15, 2016) (holding that ruling on whether to transfer subpoena-related motions is non-dispositive).

Defendant Bay Tek and any other party to the underlying action to each file a letter stating its position, if any, as to whether this Court may, *sua sponte*, transfer the pending motion to the Eastern District of New York. (*See* 1/12/22 Order, ECF No. 13.) On January 21, 2022, Bay Tek filed a letter in this action stating that it had no objection to the transfer of its motion to the Eastern District of New York pursuant to Fed. R. Civ. P. 45(f). (*See* Def.'s 1/21/22 Ltr., ECF No. 14.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Therefore, it is within the discretion of this Court, where compliance is required, to ultimately decide whether to transfer a subpoena-related motion." *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19-MC-00130 (ER), 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019). This Court has transferred similar motions to the issuing court where "[the issuing court] is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action," *see id.* at *1, where "[the issuing] court has already set out a discovery schedule in . . . the underlying action," *see Google LLC v. Fortress Inv. Grp. LLC*, No. 20-MC-00132 (KPF), 2020 WL 1304039, at *1 (S.D.N.Y. Mar. 18, 2020), and to "serve the interests of justice and judicial efficiency." *See Stanziale v. Pepper Hamilton LLP*, No. M8-85 (CSH), 2007 WL 473703, at *6 (S.D.N.Y. Feb. 9, 2007).

## DISCUSSION

The Court finds, in its discretion, that transfer of this case is appropriate. Given that, in the EDNY Action, Judge Cogan appointed a special master to supervise discovery due to "its

complexity," (*see* Def.'s 1/21/22 Ltr., Ex. 1); that discovery has been ongoing in that action since the discovery schedule was set in September 2020, *see Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, No. 20-CV-03395 (BMC), ECF No. 23 (E.D.N.Y. Sept. 10, 2020); and that Bay Tek does not object to the transfer of its motion, this Court finds that the interests of justice and judicial efficiency are best served by transferring Bay Tek's motion to the issuing court.

## <u>CONCLUSION</u>

By reason of the foregoing, this action shall be transferred to the Eastern District of New York pursuant to Fed. R. Civ. P. 45(f). The Clerk of the Court is respectfully directed to transfer this case to the Eastern District of New York for consideration of Bay Tek's motion to compel, terminate the motion at ECF No. 6, and close the case.

**SO ORDERED.**

Dated:      New York, New York
            January 24, 2022

STEWART D. AARON
United States Magistrate Judge